**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ERIC GREENBERG, M.D.,** * | **CASE NO. 19-cv-00137** |
| *Plaintiff* * | |
| * | |
| **VERSUS** * | **JUDGE** _____ |
| * | |
| **LOUISIANA STATE UNIVERSITY** * | |
| **HEALTH SCIENCES CENTER NEW** * | **MAGISTRATE JUDGE** _____ |
| **ORLEANS, a department of LOUISIANA** * | |
| **STATE UNIVERSITY SCHOOL OF** * | |
| **MEDICINE,** * | |
| *Defendant* * | |

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, ERIC J. GREENBERG, M.D., who respectfully represents as follows:

**JURISDICTION AND PARTIES**

1. This suit is brought pursuant to the Americans with Disabilities Act of 1990, as amended, 42 USC §12111, *et seq*., and Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e, *et seq*.

2. This Court has jurisdiction pursuant to 28 USC §1331.

3. Plaintiff Eric J. Greenberg, M.D., is a citizen of the United States and a resident of the state of Michigan.

4. Defendant Louisiana State University Health Sciences Center New Orleans ("LSUHSC-NO") is a department of Louisiana State University School of Medicine ("LSUSM"), a state university in the state of Louisiana, and during all relevant times was doing business in the city of New Orleans, Louisiana.

5. Plaintiff was an employee of LSUHSC-NO within the meaning of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 USC §12111, *et seq*., and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 USC §2000e *et seq*.

6. LSUHSC-NO meets all of the requirements for employer status under the ADA and Title VII.

7. The events giving rise to this cause of action occurred in New Orleans, Louisiana, in the Eastern District of Louisiana. Accordingly, venue lies in the United States District Court for the Eastern District of Louisiana under 28 USC §1391(b).

8. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

## STATEMENT OF FACTS

9. Plaintiff repeats and realleges paragraphs 1-8.

10. On July 1, 2013, Plaintiff commenced his residency as an Emergency Medicine Resident at LSUHSC-NO.

11. During Plaintiff's residency as an Emergency Medicine Resident at LSUHSC-NO, Dr. Salvador J. Suau was the Program Director of the Emergency Medicine Program and Plaintiff's immediate supervisor.

12. For the first two to three years of his employment, Plaintiff received positive evaluations and positive feedback.

13. Plaintiff is Jewish.

14. Plaintiff is disabled, suffering with Attention Deficit Hyperactivity Disorder ("ADHD"), a condition for which he receives medical treatment and takes prescription medication.

15. Defendant LSUHSC-NO had notice that Plaintiff is, and was for all times relevant, disabled with ADHD, a condition for which he receives medical treatment and takes prescription medication.

16. In or around January 2016, Dr. Suau and other employees of LSUHSC-NO commenced a campaign of harassment and discrimination on the basis of Plaintiff's religion, which included, but was not limited to, making repeated derogatory and discriminatory comments about Jewish people, the Jewish religion, circumcision, and Jewish dietary restrictions.

17. In or around January 2016, Dr. Suau and other employees of LSUHSC-NO commenced a campaign of harassment and discrimination on the basis of Plaintiff's disability, which included, but was not limited to, making repeated derogatory and discriminatory comments about ADHD, asking Plaintiff "is there something wrong with you?", asking Plaintiff "what's with this ADHD, are you a little retarded . . . a little 'Dee Dee Dee'?", and transmitting text messages to Plaintiff mocking him because of his disability.

18. As an accommodation for his ADHD disability, Plaintiff requested a quiet place in which to take required tests.  Although Dr. Suau initially granted the request, Dr. Suau withdrew the accommodation on the day the test was administered.

19. In or around July 2016, Dr. Suau and other employees of LSUHSC-NO commenced a campaign of sexual harassment and discrimination against Plaintiff, which included, but was not limited to, making derogatory and discriminatory comments about Plaintiff's circumcision, suggesting that Plaintiff's "dick is cut."

20. On numerous occasions during the ensuing months, Plaintiff reported the unlawful and discriminatory treatment to which he was being subjected by Dr. Suau and others to

various management personnel at LSUHSC-NO and LSUSM, including, but not limited to, the Director and Assistant Director of LSUSM's Campus Assistance Program, the Director of Resident and Faculty Development, the Residency Program Director, the Program Coordinator, and the Dean of the School of Medicine.

21. LSUHSC-NO and LSUSM failed to conduct an investigation regarding Plaintiff's complaints and failed to make any effort to remediate the unlawful and discriminatory treatment.

22. Subsequent to his reporting the above-described unlawful and discriminatory treatment, Plaintiff was subjected to retaliatory conduct and retaliatory harassment by Dr. Suau and other employees of LSUHSC-NO which included, but was not limited to, threatening witnesses, coercing and influencing the disciplinary and appeals system, levying further anti-Semitic remarks at Plaintiff, ignoring the due process prescribed by LSUHSC-NO's own rules, ignoring workplace violence threats against Plaintiff, denying Plaintiff professional feedback as to patient care, and lying about Plaintiff.

23. On March 10, 2017, LSUHSC-NO discriminated and retaliated against Plaintiff by suspending him from his position as Emergency Medicine Resident for pretextual reasons.

24. In August 2017, LSUHSC-NO discriminated and retaliated against Plaintiff by terminating him from his position as Emergency Medicine Resident for pretextual reasons.

25. Plaintiff requested an investigation into the allegations of discrimination by the Equal Opportunity Employment Commission ("EEOC"), and his right to sue letter was mailed by the EEOC on October 11, 2018.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

26. Plaintiff repeats and realleges paragraphs 1-25.

27. At all relevant times, Plaintiff was an individual with a disability within the meaning of the ADA. Specifically, Plaintiff has a physical or mental impairment that substantially limits one or more of his major life activities, has a record of the impairment, and/or is regarded by Defendant as having the impairment.

28. LSUHSC-NO, through its employees, agents, and representatives, denied Plaintiff's request for reasonable accommodations.

29. LSUHSC-NO, through its employees, agents, and representatives, failed to engage in the interactive process in good faith.

30. During Plaintiff's employment at LSUHSC-NO, LSUHSC-NO, through its employees, agents, and representatives, treated Plaintiff differently from similarly-situated disabled and non-disabled employees in the terms and conditions of employment.

31. The decision of LSUHSC-NO, through its employees, agents, and representatives, to suspend and terminate Plaintiff from his employment at LSUHSC-NO due, in part, to his disability constitutes discrimination against Plaintiff with respect to the terms, conditions and/or privileges of employment in violation of the ADA.

32. The decision of LSUHSC-NO, through its employees, agents, and representatives, to suspend and terminate Plaintiff from his employment at LSUHSC-NO due, in part, to his record of impairment constitutes discrimination against Plaintiff with respect to the terms, conditions, and/or privileges of employment in violation of the ADA.

33. The decision of LSUHSC-NO, through its employees, agents, and representatives, to terminate Plaintiff from his employment at LSUHSC-NO due, in part, to the perception of Plaintiff as disabled constitutes discrimination against Plaintiff in respect to the terms, conditions, and/or privileges of employment in violation of the ADA.

34. The actions of LSUHSC-NO and its employees, agents, and representatives were intentional and in disregard of Plaintiff's rights and sensibilities.

35. As a direct and proximate result of Defendant's wrongful acts and/or omissions, taken through its employees, agents, and representatives, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT II
## RELIGIOUS DISCRIMINATION
## IN VIOLATION OF TITLE VII

36. Plaintiff repeats and realleges paragraphs 1-35.

37. Plaintiff's religion was a factor that made a difference in LSUHSC-NO's decision, through its employees, agents, and representatives, to subject Plaintiff to the wrongful and discriminatory treatment described above, in violation of Title VII.

38. LSUHSC-NO, through its employees, agents, and representatives, was predisposed to discriminate on the basis of religion and acted in accordance with that predisposition.

39. LSUHSC-NO, through its employees, agents, and representatives, treated Plaintiff differently from similarly situated non-Jewish employees in the terms and conditions of employment, based on unlawful consideration of religion.

40. The actions of LSUHSC-NO, through its employees, agents, and representatives, were intentional, and with reckless indifference to Plaintiff's rights and sensibilities.

41. If Plaintiff had not been Jewish, he would not have been treated in the manner described.

42. As a direct and proximate result of LSUHSC-NO's wrongful acts and omissions, through its employees, agents, and representatives, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT III
## HOSTILE ENVIRONMENT RELIGIOUS HARASSMENT
## IN VIOLATION OF TITLE VII

43. Plaintiff repeats and realleges paragraphs 1-42.

44. During the course of his employment with LSUHSC-NO, Plaintiff was subjected to unwelcome hostile commentary and intimidation on the basis of his religion.

45. The unwelcome hostile commentary and intimidation on the basis of his religion had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment for Plaintiff.

46. LSUHSC-NO had both actual and constructive notice that LSUHSC-NO's agents and employees created a hostile and offensive work environment for Plaintiff.

47. Despite having notice of the unwelcome conduct and intimidation, Defendant failed to remediate.

48. LSUHSC-NO's conduct violated Title VII.

49. As a direct and proximate result of LSUHSC-NO's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT IV
## RETALIATION
## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

50. Plaintiff repeats and realleges paragraphs 1-49.

51. LSUHSC-NO retaliated against Plaintiff, including but not limited to, suspending him and terminating his residency, for having complained about LSUHSC-NO's discriminatory employment practices described above, in violation of the ADA.

52. LSUHSC-NO's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

53. As a direct and proximate result of LSUHSC-NO's wrongful acts and omissions, through its employees, agents, and representatives, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT V
## RETALIATION
## IN VIOLATION OF TITLE VII

54. Plaintiff repeats and realleges paragraphs 1-53.

55. LSUHSC-NO retaliated against Plaintiff, including but not limited to, suspending him and terminating his residency, for having complained about LSUHSC-NO's discriminatory employment practices described above, in violation of Title VII.

56. LSUHSC-NO's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

57. As a direct and proximate result of LSUHSC-NO's wrongful acts and omissions, through its employees, agents, and representatives, Plaintiff has sustained loss of earnings, earning

capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ERIC J. GREENBERG prays that this Honorable Court grant the following remedies:

A. Declare that the aforementioned practices and actions of LSUHSC-NO constitute unlawful employment practices in violation of Americans with Disabilities Act of 1990, as amended, 42 USC §12111, *et seq*. and Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e, *et seq*.

B. Award Plaintiff all lost wages and the value of fringe benefits, past and future, to which he is entitled;

C. Award Plaintiff compensatory damages;

D. Award Plaintiff punitive damages;

E. Award Plaintiff reasonable attorney's fees, costs, and interest; and

F. Award Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ J. Arthur Smith, III*
J. Arthur Smith, III
La. Bar Roll No. #07730
**SMITH LAW FIRM**
830 North Street
Baton Rouge, LA 70802
Telephone (225) 383-7716
Facsimile (225) 383-7773
jasmith@jarthursmith.com
*Counsel for Plaintiff, Eric J. Greenberg*