# THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC GREENBERG, M.D.,**<br>*Plaintiff* | CIVIL ACTION NO. 19-cv-00137 |
| **VERSUS** | JUDGE LANCE M. AFRICK |
| **LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER NEW ORLEANS, a department of LOUISIANA STATE UNIVERSITY SCHOOL OF MEDICINE,**<br>*Defendant* | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR.<br><br>SEC. "I"; MAG. "2" |

## JOINT PROPOSED JURY INSTRUCTIONS

The parties in the above-styled action, through undersigned counsel, respectfully submit the following proposed jury instructions and request that these instructions be submitted to the jury at the trial of this case.

**RESPECTFULLY SUBMITTED:**

    For the Plaintiff:
    J. ARTHUR SMITH, III (#7730)
    ROBERT MOSELEY SCHMIDT (#37934)
    SMITH LAW FIRM
    830 North Street
    Baton Rouge, LA 70802
    Telephone: (225) 383-7716
    Facsimile: (225) 383-7773

    TODD F. FLOOD (P58555)
    FLOOD LAW, PLLC
    *Pro hac vice*
    401 North Main Street
    Royal Oak, MI 48067
    Telephone: (248) 547-1032
    Facsimile: (248) 547.0140

For the Defendant:
KEITH W. MCDANIEL, T.A. (Bar No. 17992)
JULIANNE T. ECHOLS (Bar No. 22044)
McCranie, Sistrunk, Anzelmo, Hardy, McDaniel, Welch, LLC
909 Poydras Street, Suite 1000
New Orleans, LA  70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810

## INSTRUCTION NO. 1

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Authority:** Adapted from 5th Cir. 2014 Pattern Civil Jury Instruction No. 3.1 (General Instructions for Charge)

## INSTRUCTION NO. 2 - BIAS: CORPORATE PARTY INVOLVED

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation, or in this case a public institution, and all other persons are equal before the law and must be treated as equals in a court of justice.

**Authority:** Jury Charge 2.16, 5th Circuit Pattern Instructions for Civil Cases (2014).

## INSTRUCTION NO. 3 - IMPEACHMENT BY WITNESSES'S INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Authority:** Jury Charge 2.11, 5th Circuit Pattern Instructions for Civil Cases (2014).

## INSTRUCTION NO. 4 - NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence**.**


**Authority:    Jury Charge 3.6, 5th Circuit Pattern Instructions for Civil Cases (2014).**

## INSTRUCTION NO. 5 - CONSIDER DAMAGES ONLY IF NECESSARY

If plaintiff has proved his claim against the LSU Board by a preponderance of the evidence, you must determine the damages to which plaintiff is entitled. You should not interpret the fact that I am giving instructions about plaintiff's damages as an indication in any way that I believe that plaintiff should, or should not, win this case. It is your task to decide whether the LSU Board is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the LSU Board is liable and that plaintiff is entitled to recover money from the LSU Board.

**Source Authority**: Jury Charge 15.1, 5th Circuit Pattern Instructions for Civil Cases (2014).

## INSTRUCTION NO. 6 - DAMAGES UNDER TITLE VII

If you found that The LSU Board violated Title VII, then you must determine whether it has caused plaintiff damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether plaintiff has proved liability.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.[1]

You should consider the following elements of damages, <u>and no others</u>: (1) the amount of back pay and benefits plaintiff would have earned in his employment with the LSU Board if he had not been subjected to a hostile work environment on the basis of his religion or terminated for retaliatory reasons from the date of his termination from residency to the date of your verdict, minus the amount of earnings and benefits that plaintiff received from employment during that time; (2) the amount of other damages sustained by plaintiff such as mental anguish, loss of enjoyment of life, and other noneconomic losses.[2]

Back pay includes the amounts the evidence shows plaintiff would have earned had he remained an employee of the LSU Board and went on to successfully complete his residency. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits

---

[1] *Lowe v. Southmark Corp.*, 998 F.2d 335, 337 (5th Cir. 1993).
[2] "**This charge does not include front pay**—future lost wages and benefits—**because they are an equitable remedy for the court to determine**. Section 1981a also provides that while a plaintiff may recover for 'future pecuniary losses,' that does not include 'front' or future lost pay.: Jury Charge 11.14, 5th Circuit Pattern Instructions for Civil Cases (2014) (citing *Pollard v. E.I. duPont de Nemours & Co.*, 532 U.S. 843 (2001))(emphasis added).

the LSU Board proves by a preponderance of the evidence plaintiff's received during the period in question.[3]

**Source/Authority**: Jury Charge 11.14, 5th Circuit Pattern Instructions for Civil Cases (2014).

---

[3] *Marks v. Prattco*, 633 F.2d 1122, 1125 (5th Cir. 1981).

## INSTRUCTION NO. 7 – NOMINAL DAMAGES

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his rights has occurred but the plaintiff has suffered no actual loss or injury. If you find from a preponderance of the evidence that plaintiff sustained a technical violation of Title VII but that plaintiff suffered no actual loss as a result of this violation, then you may award plaintiff nominal damages. Nominal damages may be as little as one dollar.[4]

**Source/Authority**: Jury Charge 15.6, 5th Circuit Pattern Instructions for Civil Cases (2014).

---

[4] *See Carey v. Piphus*, 435 U.S. 247, 267 (1978).

# INSTRUCTION NO. 8 – DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.


**Authority:**   Adapted from 5th Cir. 2014 Pattern Civil Jury Instruction No. 3.7 (Duty to Deliberate; Notes)




    Respectfully Submitted,


    */s/ Robert Moseley Schmidt*
    J. Arthur Smith, III (#7730)
    Robert Moseley Schmidt (#37934)
    SMITH LAW FIRM
    830 North Street

Baton Rouge, LA 70802
Telephone: (225) 383-7716
Facsimile: (225) (383-7773
jasmith@jarthursmith.com
rschmidt@jarthursmith.com

Teresa J. Gorman (P61001)
*Pro hac vice*
TERESA J. GORMAN, PLLC
5700 Crooks Road, Suite 200
Troy, MI 48098
Telephone: (248) 763-6943
terigorman@aol.com

Todd F. Flood (P58555)
*Pro hac vice*
FLOOD LAW, PLLC
401 North Main Street
Royal Oak, MI 48067
Telephone: (248) 547-1032
Facsimile: (248) 547.0140
tflood@floodlaw.com
*Counsel for Plaintiff*


*/s/ Julianne T. Echols*
Keith McDaniel (17992)
Julianne T. Echols (22044)
McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch
909 Poydras Street, Suite 1000
New Orleans, LA 70112
PH: (504) 831-0946
jte@mcsalaw.com
kwm@mcsalaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 24th day of November, 2019, a copy of the foregoing was filed electronically with the Clerk of Court for the Eastern District of Louisiana using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

                                  */s/ Robert Moseley Schmidt*
                                  Robert Moseley Schmidt