## THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC GREENBERG, M.D.,** *Plaintiff* | **CIVIL ACTION NO. 19-cv-00137** |
| **VERSUS** | **JUDGE LANCE M. AFRICK** |
| **LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER NEW ORLEANS, a department of LOUISIANA STATE UNIVERSITY SCHOOL OF MEDICINE,** *Defendant* | **MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR.** **SEC. "I"; MAG. "2"** |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**MAY IT PLEASE THE COURT:**

Plaintiff, Eric Greenberg, M.D., through undersigned counsel, respectfully submits the following proposed jury instructions and requests that these instructions be submitted to the jury at the trial of this case.

**RESPECTFULLY SUBMITTED:**

J. ARTHUR SMITH, III (#7730)
ROBERT MOSELEY SCHMIDT (#37934)
SMITH LAW FIRM
830 North Street
Baton Rouge, LA 70802
Telephone: (225) 383-7716
Facsimile: (225) 383-7773

TODD F. FLOOD (P58555)
FLOOD LAW, PLLC
*Pro hac vice*
401 North Main Street
Royal Oak, MI 48067
Telephone: (248) 547-1032
Facsimile: (248) 547.0140

1

### INSTRUCTION NO. 1 – BURDEN OF PROOF; EVIDENCE

Plaintiff Eric Greenberg has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so.  If you find that Plaintiff Eric Greenberg has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude an- other fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence. If your recollection of the evidence differs from the charts and summaries, rely on your recollection.

**Authority:**     Adapted from 5th Cir. 2014 Pattern Civil Jury Instruction No. 3.2 (Burden of Proof); No. 3.3 (Evidence); No. 2.7 (Charts and Summaries); No. 2.8 (Demonstrative Evidence)

### DEFENDANT'S OBJECTION

Defendant would add the following language: "An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or the damages."

2

## INSTRUCTION NO. 2 – WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness. The test is not which side brings the greater number of witnesses before you, or presents the greater quantity of evidence, but rather which witnesses and which evidence appeals to your minds as being the most accurate and the most convincing.[1]

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatsoever that the act was done in this case.

Then how may you consider evidence of similar acts? You may consider evidence of similar acts for the limited purpose of showing a party's motive, opportunity, intent, knowledge, plan, identify, or absence of mistake or accident.

Such evidence may not be considered for any other purpose whatsoever. You may not use the evidence to consider or reflect an individual's character.

**Authority:**   **Adapted from 5th Cir. 2014 Pattern Civil Jury Instruction No. 3.2 (Burden of Proof); No. 3.3 (Evidence); No. 2.7 (Charts and Summaries); No. 2.8 (Demonstrative Evidence)**

---

[1] **5th Cir. 2004 Pattern Civil Jury Instruction No. 2.18 (Consideration of the Evidence); H. Alston Johnson, Louisiana Civil Law Treatise, Civil Jury Instructions, v18, 2d ed, § 2.04 (Evidence and Proof).**

## **DEFENDANT'S OBJECTION**

Defendant objects to the following language:

"Evidence that an act was done at one time or on one occasion is not any evidence or proof whatsoever that the act was done in this case.

Then how may you consider evidence of similar acts? You may consider evidence of similar acts for the limited purpose of showing a party's motive, opportunity, intent, knowledge, plan, identify, or absence of mistake or accident.

Such evidence may not be considered for any other purpose whatsoever. You may not use the evidence to consider or reflect an individual's character."

**INSTRUCTION NO. 3 – HOSTILE WORK ENVIRONMENT (SUPERVISOR)**

Plaintiff Eric Greenberg claims he was harassed because of his religion (Jewish) by his supervisor, Dr. Salvador Suau, and that his employer, Defendant Louisiana State University Health Sciences Center New Orleans ("LSU"), is responsible for the harassing conduct.

Defendant LSU denies the claims and contends that its employees and agents in no way subjected plaintiff to harassment because of his religion.

It is unlawful for an employer to harass an employee because of that employee's religion.

For Defendant LSU to be liable for harassment based on religion, Plaintiff Eric Greenberg must prove by a preponderance of the evidence that his supervisor, Dr. Salvador Suau, harassed Plaintiff Eric Greenberg because of Plaintiff Eric Greenberg's religion (Jewish) and that the harassment was sufficiently severe or pervasive to:

1.  alter the terms or conditions of Plaintiff Eric Greenberg's employment; and
2.  create a hostile or abusive work environment.[2]

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Plaintiff Eric Greenberg's employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff Eric Greenberg's work performance.[3] There is no requirement that the conduct be psychologically injurious,[4] although psychological injury may be sufficient to alter the terms and conditions of an individual's employment.[5]

Harassment may include extremely insensitive conduct based on religion. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to Judaism, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, or other verbal or physical conduct because of Plaintiff Eric Greenberg's Judaism may be sufficiently extreme to alter the terms and conditions of employment.[6]

In determining whether a hostile or abusive work environment existed, you must consider the evidence from both Plaintiff Eric Greenberg's perspective and from the perspective of a reasonable person. First, Plaintiff Eric Greenberg must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff Eric Greenberg would find the conduct offensive.[7]

---

[2] *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66–67 (1986).

[3] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

[4] *Harris*, 510 U.S. at 22.

[5] *Meritor*, 477 U.S. at 66.

[6] *Harris*, 510 U.S. at 21; *Lauderdale v. Tex. Dep't of Criminal Justice*, 512 F.3d 157, 163 (5th Cir. 2007) (quoting *Faragher*, 524 U.S. at 788).

[7] *Oncale*, 523 U.S. at 81.

**Authority:   Adapted from 5th Cir. 2014 Pattern Civil Jury Instruction No. 11.2 - Supervisor Sexual and Other Harassment without Tangible Employment Action (Hostile Work Environment))**

<u>**DEFENDANT'S OBJECTION**</u>

Objection to Charge.  Rather use Jury Charge 11.5.3, 5th Circuit Pattern Instructions for Civil Cases (2006).  See Defendant's Proposed Jury Charge No. 12.

### INSTRUCTION NO. 4 – HOSTILE WORK ENVIRONMENT (CO-WORKER)

Plaintiff Eric Greenberg claims he was harassed because of his religion (Jewish) by Luke Lebas and that his employer, Defendant LSU, knew, or in the exercise of reasonable care should have known, of the harassment but did not take prompt and effective[8] remedial action.

Defendant LSU denies Plaintiff Eric Greenberg's claims and contends that its employees and agents in no way subjected plaintiff to harassment on the basis of his adherence to the Jewish faith;

It is unlawful for an employer to fail to take remedial action when the employer knew, or should have known, that a coworker or third-party harassed an employee because of that employee's religion.

For Defendant LSU to be liable for religious harassment, Plaintiff Eric Greenberg must prove by a preponderance of the evidence that Luke Lebas harassed Plaintiff Eric Greenberg because of Plaintiff Eric Greenberg's religion (Jewish) and:

1. the conduct was sufficiently severe or pervasive to:

   a. alter the terms or conditions of Plaintiff [name]'s employment; and

   b. create a hostile or abusive work environment;[9] and

2. Defendant LSU knew, or in the exercise of reasonable care should have known, that Plaintiff Eric Greenberg was being harassed because of Plaintiff Eric Greenberg's religion (Jewish) To make this showing, Plaintiff Greenberg must prove that:

   a. the harassment was known by or communicated to a person who had the authority to receive, address, or report the com- plaint, even if that person did not do so,[10] or the harassment was so open and obvious that Defendant LSU should have known of it;[11] and

   b. Defendant LSU failed to take prompt and effective[12] remedial action designed to stop the harassment.

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Plaintiff Eric Greenberg's employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff

---

[8] York v. Coopers & Lybrand, 1993 U.S. Dist. LEXIS 21182 (N.D. Tex. June 29, 1993); Gaines v. Techline, Inc., 2017 U.S. Dist. LEXIS 48012, 2017 WL 1194234 (W.D. La. Mar. 29, 2017)

[9] *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66–67 (1986).

[10] *Williamson*, 148 F.3d at 466–67.

[11] *Sharp*, 164 F.3d at 929.

[12] York v. Coopers & Lybrand, 1993 U.S. Dist. LEXIS 21182 (N.D. Tex. June 29, 1993); Gaines v. Techline, Inc., 2017 U.S. Dist. LEXIS 48012, 2017 WL 1194234 (W.D. La. Mar. 29, 2017)

Eric Greenberg's work performance.[13] There is no requirement that the conduct be psychologically injurious,[14] although psychological injury may be sufficient to alter the terms and conditions of an individual's employment.[15]

Harassment may include extremely insensitive conduct based on religion. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to Judaism, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, or other verbal or physical harm or threat of harm because of Plaintiff Eric Greenberg's Judaism may be sufficiently extreme to alter the terms and conditions of employment.[16]

In determining whether a hostile or abusive work environment existed, you must consider the evidence from both Plaintiff Eric Greenberg's perspective and from the perspective of a reasonable person. First, Plaintiff Eric Greenberg must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff Eric Greenberg would find the conduct offensive.[17]

"Prompt remedial action" is conduct by the employer that is reasonably calculated to stop the harassment and remedy the situation. Whether the employer's actions were prompt, effective,[18] and remedial depends on the facts. You may look at, among other things, the effectiveness of any actions taken.[19]

**Authority:   Adapted from 5th Cir. 2014 Pattern Civil Jury Instruction No. 11.4 - Coworker or Third-Party Harassment Without Tangible Employment Action (Hostile Work Environment—Negligence)**

## DEFENDANT'S OBJECTION
**Objection to Charge.  Rather use Jury Charge 11.5.3, 5th Circuit Pattern Instructions for Civil Cases (2006).  See Defendant's Proposed Jury Charge No. 12.**

---

[13] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

[14] *Harris*, 510 U.S. at 22.

[15] *Meritor*, 477 U.S. at 66.

[16] *Harris*, 510 U.S. at 21; *Lauderdale v. Tex. Dep't of Criminal Justice*, 512 F.3d 157, 163 (5th Cir. 2007) (quoting *Faragher*, 524 U.S. at 788).

[17] *Oncale*, 523 U.S. at 81.

[18] York v. Coopers & Lybrand, 1993 U.S. Dist. LEXIS 21182 (N.D. Tex. June 29, 1993); Gaines v. Techline, Inc., 2017 U.S. Dist. LEXIS 48012, 2017 WL 1194234 (W.D. La. Mar. 29, 2017)

[19] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 479 (5th Cir. 1989).

## INSTRUCTION NO. 5 – RETALIATION

Plaintiff Eric Greenberg alleges that he was subject to an adverse employment action[20] in retaliation for her engaging in activity that is protected by Title VII. An "adverse employment action" covers those employer actions that could dissuade a reasonable worker from making or supporting a charge of discrimination.[21]

Plaintiff Eric Greenberg claims that he was retaliated against by one or more agents or employees of Defendant LSU for engaging in activity protected by Title VII. Plaintiff claims that he participated in protected activity by: (i) informing Dr. Salvador Suau that his alleged anti-Semitic comments were offensive; (ii) reporting alleged anti-Semitic comments, behavior, and harassment by Dr. Luke Lebas to Defendant LSU's officers, agents, and employees; and (iii) reporting alleged anti-Semitic comments, behavior, and harassment by Dr. Salvador Suau to Defendant LSU's officers, agents, and employees.

Defendant denies Plaintiff's claims and contends that it had a legitimate, nondiscriminatory reason for terminating Plaintiff's employment. Namely, Defendant contends Plaintiff was terminated for legitimate reasons such as poor communication skills, poor professionalism, poor interpersonal skills, a lack of empathy, and for his potential to compromise patient safety.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. To prove unlawful retaliation, Plaintiff Eric Greenberg must prove by a preponderance of the evidence that:

1. Plaintiff Eric Greenberg engaged in protected activity by:

   a. informing Dr. Salvador Suau that his alleged anti-Semitic comments were offensive;
   b. reporting alleged anti-Semitic comments, behavior, and harassment by Dr. Luke Lebas to Defendant LSU's officers, agents, and employees; or
   c. reporting alleged anti-Semitic comments, behavior, and harassment by Dr. Salvador Suau to Defendant LSU's officers, agents, and employees;

2. Defendant LSU terminated Plaintiff Eric Greenberg's employment;[22] and

---

[20] In the retaliation context, a materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 136 (2012).

[21] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 58–59 (2006).

[22] For the second element, Plaintiff claims that Defendant took an adverse employment action against her when Defendant engaged in a pattern of repeatedly reprimanding her, disciplining her, and giving her poor performance evaluations subsequent to the filing of her grievance. You must decide whether this is an "adverse employment action." An "adverse employment action" is an action that would have made a reasonable employee reluctant to make or support a charge of discrimination. If a reasonable employee would be less likely to complain about or oppose alleged discrimination because she knew that Defendant would engage in a pattern of repeatedly

3.  Defendant decided to terminate Plaintiff because of his protected activity.[23]

Plaintiff Eric Greenberg's actions constitute "protected activity" if they were based on his good-faith, reasonable belief that Defendant LSU harassed him because of his religion. To show a good-faith belief, Plaintiff Eric Greenberg must show that he honestly believed that Defendant LSU harrassed him because of his religion. To show a reasonable belief, Plaintiff must show that a reasonable person would, under the circumstances, believe that Defendant harrassed him because of her religion. Plaintiff Eric Greenberg does not have to prove that Defendant LSU *actually* harrassed him because of his religion. But he must prove that he had a good-faith, reasonable belief that Defendant LSU did so.[24]

Evidence that Defendant's decision to terminate Plaintiff Eric Greenberg was caused by his protected activity may include temporal proximity, an employment record that does not support dismissal, or an employer's departure from typical policies and procedures.[25] Temporal proximity may vary greatly in analysis of the causation element, but generally anywhere from four (4) days to four (4) months between the employees' protected action and the employer's adverse action will be close enough to meet the requirement.[26]

You need not find that the only reason for Defendant LSU's decision was Plaintiff's protected activity. But you must find that Defendant LSU's decision to terminate Plaintiff Eric Greenberg would not have occurred in the absence of—but for—his protected activity.[27]

If you disbelieve the reason Defendant LSU has given for its decision, you may, but are not required to, infer that Defendant LSU would not have decided to terminate Plaintiff Eric Greenberg but for his engaging in the protected activity.

**Authority:   Adapted from 5ᵗʰ Cir. 2014 Pattern Civil Jury Instruction No. 11.5 (Title VII — Retaliation ); *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996); *Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir.2013)**

## <u>DEFENDANT'S OBJECTION</u>

Objection to Charge.  Rather use Jury Charge 11.5(b), 5th Circuit Pattern Instructions for Civil Cases (2014) and 42 U.S.C. § 2000e-3(a); Long v. Eastfield College, 88 F.3d 300, 304 (5th Cir. 1996).  See Defendant's Proposed Jury Charge No. 9.

---

reprimanding her, disciplining her, and giving her poor performance evaluations, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

[23] *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2532–33 (2013).

[24] *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)

[25] *Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir.2013), quoting *Schroeder v. Greater New Orleans Fed. Credit Union,* 664 F.3d 1016, 1024 (5th Cir.2011).

[26] *Richard v. Bd. of Sup'rs of Louisiana State Univ. & A & M Coll.*, 2006-0927 (La.App. 1 Cir. 3/28/07, 27), 960 So.2d 953, 970, n. 20.

[27] *Leal v. McHugh*, 731 F.3d 405, 415 (5th Cir.2013) ("'[B]ut-for cause' does not mean 'sole cause.'")

## INSTRUCTION NO. 6 – RETALIATORY INTENT

Retaliation is intentional if it is done voluntarily, deliberately, and willfully.  Retaliatory intent may be proven either by direct evidence such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent.  Thus, in making a determination as to whether there was intentional retaliation in this case, you may consider any statement made or act done or omitted by a person whose intent is in issue as well as all other facts and circumstances that indicate his or her state of mind.  You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

**Authority:  42 U.S.C. § 2000a, et seq.; 42 U.S.C. § 2000e, et seq.  Adapted from Jury Instructions for Title VII Retaliation, District Court for the District of Columbia.**

## DEFENDANT'S OBJECTION

Objection to Charge. This is not the District Court for the District of Columbia, it is the 5th Circuit and Plaintiff needs to find law from the Fifth Circuit.

**INSTRUCTION NO. 7 – ACTUAL DAMAGES**

If you find by a preponderance of the evidence that the Defendant retaliated against the Plaintiff, in whole or in part, because of the Plaintiff's grievance, then you must determine the amount of damages that the Defendant has caused the Plaintiff.  You should not interpret the fact that I am giving you instructions about damages as an indication in any way that I believe that the Plaintiff should or should not win this case and be awarded damages.

Plaintiff Eric Greenberg must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Eric Greenberg need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

In cases such as this, damages are meant to return Plaintiff Eric Greenberg to the economic position he would have occupied if the adverse employment action had not occurred.

In determining damages, you may award Plaintiff Eric Greenberg back pay.  That means that you are to award the Plaintiff an amount equal to the pay and fringe benefits that she would have received from the Defendant had the adverse employment action not taken place *minus* the amount of earnings and benefits received by the Plaintiff from other employment after the termination occurred.

You should consider the following elements of actual damages, and no others:

> (1) the amount of back pay and benefits Plaintiff Eric Greenberg would have earned in his employment with Defendant LSU if he had not been terminated from the date of his termination to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Eric Greenberg received from employment during that time; and
> (2) the amount of other damages sustained by Plaintiff Eric Greenberg, including mental and emotional distress, inconvenience, and loss of enjoyment of life.

Back pay includes the amounts the evidence shows Plaintiff Eric Greenberg would have earned had he not been terminated. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant LSU proves by a preponderance of the evidence that Plaintiff Eric Greenberg received during the period in question.[28]

Plaintiff Eric Greenberg also seeks to be compensated for mental and emotional distress. To recover compensatory damages for mental and emotional distress, Plaintiff Eric Greenberg must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings,

---

[28] *Marks v. Prattco*, 633 F.2d 1122, 1125 (5th Cir. 1981).

anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Eric Greenberg must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.[29]

Plaintiff Eric Greenberg also contends that he has suffered loss of enjoyment of his personal, professional, and family life. Loss of enjoyment of life is "conceptually distinct" from "pain and suffering."[30] "Pain and suffering, both physical and mental, refers to the pain, discomfort, inconvenience, anguish, and emotional trauma that accompanies an injury. Loss of enjoyment of life, in comparison, refers to detrimental alterations of the person's life or lifestyle or the person's inability to participate in the activities or pleasures of life that were formerly enjoyed prior to the injury. In contrast to pain and suffering, whether or not a plaintiff experiences a detrimental lifestyle change depends on both the nature and severity of the injury and the lifestyle of the plaintiff prior to the injury."[31]

You may award compensatory damages for the Plaintiff's loss of enjoyment of her personal, professional, and family life, as well as mental and emotional pain and suffering, if you find that they were caused by the Defendant's actions toward the Plaintiff.  Any award you make should be fair in light of the evidence produced at trial. No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence.  No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation — no more and no less.

When considering the amount of monetary damages to which the Plaintiff may be entitled, you should consider the nature, character, and seriousness of any emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life the Plaintiff has suffered.  You must also consider its extent or duration, as any award you make must cover the damages endured by the Plaintiffs since the wrongdoing to the present time, and even into the future if you find as fact that the evidence presented justifies the conclusion that the Plaintiff's emotional pain and its consequences have continued to the present time or can reasonably be expected to continue into the future.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Eric Greenberg for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

**Authority:**     Adapted from **5th Cir. 2014 Pattern Civil Jury Instruction No. 11.14 (Title VII and ADA Damages); No. 10.12 (Emotional Distress Damages); § 18:17.**

---

[29] *See Brady v. Fort Bend Cnty.*, 145 F.3d 691, 718 (5th Cir. 1998) (quoting *Carey v. Piphus*, 435 U.S. 247 (1978)); *see also Vadie v. Miss. State Univ.*, 218 F.3d 365, 377–78 (5th Cir. 2000).

[30] *McGee v. A C And S, Inc.*, 2005-1036 (La. 7/10/06, 5), 933 So.2d 770, 775

[31] *Id.*

**Damages for loss of enjoyment of life, 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:17 (3d ed.); Model Jury Instructions, Employment Litigation, American Bar Association, Section of Litigation § 1.07[3].**

### <u>DEFENDANT'S OBJECTION</u>

Objection to Charge.  Rather use Jury Charge 11.14, 5th Circuit Pattern Instructions or Civil Cases (2014).  See Defendant's Proposed Jury Charge No. 18.

## INSTRUCTION NO. 8 – PUNITIVE DAMAGES

You may award punitive damages if Plaintiff Eric Greenberg proves by a preponderance of the evidence that:

(1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity;

(2) he engaged in the discriminatory act or practice while acting in the scope of [his/her] employment; and

(3) he acted with malice or reckless indifference to Plaintiff Eric Greenberg's federally protected right to be free from discrimination.[32]

If Plaintiff Eric Greenberg has proved these facts, then you may award punitive damages, unless Defendant LSU proves by a preponderance of the evidence that the discriminatory conduct was contrary to its good-faith efforts to prevent discrimination in the workplace.[33]

An action is in "reckless indifference" to Plaintiff Eric Greenberg's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law.[34] Plaintiff Eric Greenberg is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant LSU engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.[35]

In determining whether Defendant LSU made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted anti- discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Eric Greenberg's complaint of discrimination, and how it responded to other complaints of discrimination.[36]

If you find that Defendant LSU acted with malice or reckless indifference to Plaintiff Eric Greenberg's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Eric Greenberg is entitled to receive, you may, but are not required to, award Plaintiff Eric Greenberg an additional amount as punitive damages for the purposes of punishing the Defendant LSU for engaging in such wrongful conduct and deterring Defendant LSU and others from engaging in such conduct in the future. You should presume that

[32] *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 284, n.4 (5th Cir. 1999). As noted above, courts should consider the possible impact of *Vance v. Ball State University*. The Committee takes no position with respect to *Vance's* potential impact on *Kolstad*.
[33] *Kolstad*, 527 U.S. at 545–46; *Deffenbaugh-Williams*, 188 F.3d at 281, 286.
[34] *Kolstad*, 527 U.S. at 536.
[35] *Kolstad*, 527 U.S. at 535.
[36] *Meritor*, 477 U.S. at 72 (1986); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Deffenbaugh-Williams*, 188 F.3d at 286.

Plaintiff Eric Greenberg has been made whole for his injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant LSU's conduct was. You may consider whether the harm Plaintiff Eric Greenberg suffered was physical or eco‑ nomic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant LSU's conduct that harmed Plaintiff Eric Greenberg also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Eric Greenberg

2. How much harm Defendant LSU's wrongful conduct caused Plaintiff Eric Greenberg and could cause him in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant LSU's financial condition, to punish Defendant LSU for its conduct toward Plaintiff Eric Greenberg and to deter Defendant LSU and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Eric Greenberg.

**Authority:**    **Adapted from 5ᵗʰ Cir. 2014 Pattern Civil Jury Instruction No. 11.14 (Title VII and ADA Damages)**

**<u>DEFENDANT'S OBJECTION</u>**

Objection to Charge.  See Defendant's Proposed Charge on Punitive Damages No. _25_

# INSTRUCTION NO.  9

Although the Defendant in this case is properly identified as the Board of Supervisors of Louisiana State University Agricultural and Mechanical College ("Board"), Plaintiff is not required to prove any actions on behalf of the Board itself or any of its individual members in order to succeed in this case. As Defendant is an "employer" as defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, it is vicariously liable for the actions of its agents.

If Plaintiff Eric Greenberg proves by a preponderance of the evidence that his supervisor created a hostile work environment on the basis of religion, then Defendant is vicariously liable for the actions of his supervisor.

If Plaintiff Eric Greenberg proves by a preponderance of the evidence that he was terminated in retaliation for engaging in activity protected by Title VII, then Defendant is vicariously liable for such actions of its employees and agents.

If Plaintiff Eric Greenberg proves by a preponderance of the evidence that a ***co-worker*** (not a supervisor) created a hostile work environment on the basis of his religion, then Defendant is only liable if it was negligent in failing to take prompt and effective remedial action. However, any knowledge of religious harassment by any of Defendant's employees "with authority to address the problem" is imputed to Defendant for purposes of this analysis.

**Authority:**      ***Vance v. Ball State Univ.*, 570 U.S. 421, 133 S.Ct. 2434, 186 L.Ed.2d 565 (2013); *Sharp v. City of Hous.*, 164 F.3d 923, 930 (5th Cir. 1999);  *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) (employers are vicariously liable for supervisor's harassment); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998)**

## DEFENDANT'S OBJECTIONS

Defendant objects to this charge.

## INSTRUCTION NO. 10

If Defendant LSU offers a legitimate, nondiscriminatory reason for its termination of Plaintiff Eric Greenberg, then Plaintiff Eric Greenberg may rebut Defendant's proferred reason by showing by a preponderance of the evidence that:

1.  Defendant's reason is not true; or

2.  Defendant's reason, while true, is only one of the reasons for Plaintiff Eric Greenberg's termination, and another reason is Plaintiff's complaints of harassment because of his religion.

Evidence of pretext may include shifting or inconsistent explanations for Plaintiff's termination or departure by LSU from its policies and procedures.

If Plaintiff Eric Greenberg makes this showing, you may, but are not required to, infer that Defendant LSU terminated Plaintiff because of his protected activity.

**Authority:**   *Hollins v. Premier Ford Lincoln Mercury, Inc.,* **766 F. Supp. 2d 736, 756 (N.D. Miss. 2011); 5th Cir. 2014 Pattern Civil Jury Instruction No. 11.5 (Title VII – Retaliation);** *Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.,* **730 F.3d 450, 454 (5th Cir.2013), quoting** *Schroeder v. Greater New Orleans Fed. Credit Union,* **664 F.3d 1016, 1024 (5th Cir.2011);** *Gee v. Principi,* **289 F.3d 342, 347-48 (5th Cir. 2002)**

## DEFENDANT'S OBJECTION

Objection to Charge as incomplete; this Charge does not state that the LSU Board  only has to articulate its non-discriminatory reasons for its actions and does not have to prove that fact by a preponderance of the evidence. See Defendant's Proposed Charge on Legitimate Non-Discriminatory Reason No. 13.

Respectfully Submitted,

*/s/ Robert Moseley Schmidt*
J. Arthur Smith, III (#7730)
Robert Moseley Schmidt (#37934)
SMITH LAW FIRM
830 North Street
Baton Rouge, LA 70802
Telephone: (225) 383-7716
Facsimile: (225) 383-7773
jasmith@jarthursmith.com
rschmidt@jarthursmith.com

Teresa J. Gorman (P61001)
*Pro hac vice*
TERESA J. GORMAN, PLLC
5700 Crooks Road, Suite 200
Troy, MI 48098
Telephone: (248) 763-6943
terigorman@aol.com

Todd F. Flood (P58555)
*Pro hac vice*
FLOOD LAW, PLLC
401 North Main Street
Royal Oak, MI 48067
Telephone: (248) 547-1032
Facsimile: (248) 547.0140
tflood@floodlaw.com
*Counsel for Plaintiff, Eric J. Greenberg, M.D.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of November, 2019, a copy of the foregoing was filed electronically with the Clerk of Court for the Eastern District of Louisiana using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

*/s/ Robert Moseley Schmidt*
Robert Moseley Schmidt