## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ERIC GREENBERG, M.D.** | * | **CIVIL NO. 19-137** |
| | * | |
| | * | |
| | * | **JUDGE: LMA** |
| **VERSUS** | * | |
| | * | **MAGISTRATE: JCW, JR** |
| **BOARD OF SUPERVISORS** | * | |
| **OF LOUISIANA STATE UNIVERSITY** | * | **SECTION "I"(2)** |
| **AND AGRICULTURAL AND** | * | |
| **MECHANICAL COLLEGE** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT'S PROPOSED JURY CHARGES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, the Board of Supervisors of Louisiana State University Agricultural and Mechanical College (hereafter "the LSU Board"), who submits the following proposed Jury Charges. The LSU Board respectfully requests that the jury in the above captioned action be charged in accordance with the attached proposed jury charges. The LSU Board reserves the right to amend these proposed jury charges and/or to submit additional jury charges depending on the evidence introduced at trial and the disposition of any claims against defendant at the close of trial.

Respectfully submitted:

**JEFF LANDRY**
ATTORNEY GENERAL


*/s/ Julianne T. Echols*
**KEITH W. MCDANIEL, T.A.** (Bar No. 17992)
**JULIANNE T. ECHOLS** ( Bar No. 22044)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, McDANIEL, & WELCH, LLC
195 Greenbriar Boulevard, Suite 200
Covington, LA   70433
Telephone:     (504) 831-0946
Facsimile:     (800) 977-8810
kwm@mcsalaw.com
jte@mcsalaw.com
***Attorneys for The Board of Supervisors of Louisiana State University Agricultural and Mechanical College***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system this 25th of November, 2019.


*/s/ Julianne T. Echols* _____

## DEFENDANT'S PROPOSED JURY CHARGE NO. 1.

**EMPLOYEE'S OWN PERCEPTION OF PERFORMANCE**

Plaintiff's own opinion that the criticisms of his job were inaccurate is not evidence that he was discriminated against. Merely disputing Defendant's assessment of his performance is not enough. The issue is whether Defendant's perception of Plaintiff's performance, accurate or not, was one of the reasons for his termination. It is plaintiff's supervisors' and the Clinical Competency Committee's perception of the employee's performance that is relevant, not Plaintiff's subjective evaluation of his own relative performance. Plaintiff's own self-serving statements about his performance are not sufficient for you to disbelieve Defendant's negative assessment of that performance.

**Source/Authority**: *Shackelford v. Deloitte & Touche*, 190 F.3d 398, 409 (5th Cir. 1999); *Furr v. Seagate Technology, Inc.*, 82 F.3d 980, 988 (10th Cir. 1996); *Sublett v. John Wiley*, 463 F.3d 731 (7th cir. 2006) *citing Jackson v. E.J. Brack Corp.*, 176 F.3d 971, 985 (7th Cir. 1999) [16] (quoting *Gustovich v. AT&T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992).

## <u>PLAINTIFF'S OBJECTION</u>

Plaintiff objects to this instruction as it grossly misstates the law. It would be surprising if any of the authority cited by Defendant actually stated that the jury is entitled to consider the testimony of Defendant's witnesses regarding his job performance but not the testimony of Plaintiff. There is certainly no such language in *Shackelford*, which held that "[m]erely disputing D&T's assessment of Shackelford's work performance will not necessarily support an inference of pretext" and found that the plaintiff had not presented sufficient evidence of pretext to overcome summary judgment. *Shackelford*, 190 F.3d at 408-409. The remaining decisions cited by Defendant are not binding on this Court.

## DEFENDANT'S PROPOSED JURY CHARGE NO. 2.

Mere conclusory statements by or personal beliefs of the Plaintiff that he believes he was discriminated against or retaliated against are not evidence or proof that Defendant discriminated against him or retaliated against him on this basis.

**Source/Authority**: *Lawrence v. University of Texas Medical Branch at Galveston*, 163 F.3d 309, 312 (5th Cir. 1999); *Nichols v. Lewis Grocer*, 138 F.3d 563 (5th Cir. 1998).

## <u>PLAINTIFF'S OBJECTION</u>

Plaintiff objects to this instruction on the basis that it will confuse the jury. *Lawrence* involved review of a summary judgment ruling, and *Nichols* involved review of a denial of a judgment as a matter of law. This is a jury trial, not a motion by Defendant. The cases cited applied different standards than will the jury in this case.

## DEFENDANT'S PROPOSED JURY CHARGE NO. 3.

**CAUSATION**

To recover any damages, Plaintiff must establish that the injury she suffered was, in fact, caused by the conduct of Defendant and that there was actual damage.

As to the requirement that the injury be caused by Defendant's conduct, I do not mean that the law recognizes only one cause of any injury, consisting of only one factor or thing, or the conduct of only one person. To the contrary, many factors or things may operate at the same time, either independently or together, to cause injury or damage. You should resolve this question by deciding whether the claimed injuries would have been sustained in the absence of Defendant's conduct. If Plaintiff probably would have suffered those injuries regardless of what the Defendant did, then you must conclude that the injuries were not caused by the Defendant, and render a verdict for the Defendant. If, on the other hand, Plaintiff probably would not have suffered the claimed injuries in the absence of Defendant's conduct, then you must conclude that Defendant's conduct did play a part in the injury.

**Source/Authority**: H. Alston Johnson, III, Louisiana Civil Law Treatise, Civil Jury Instructions, 3d ed., §§ 3:3 (West 2013).

## PLAINTIFF'S OBJECTION

Plaintiff objects to this instruction as it is incomplete. It states that "actual damage" is required, but does not define "actual damage" and is therefore misleading, as the jury may understand this phrase to refer only to economic damages. Further, Plaintiff seeks punitive damages, which are separate from "actual damages."

**DEFENDANT'S PROPOSED JURY CHARGE NO. 4.**

**BIAS: CORPORATE PARTY INVOLVED**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation, or in this case a public institution, and all other persons are equal before the law and must be treated as equals in a court of justice.

[NO OBJECTION – MOVED TO JOINT INSTRUCTION NO. 2]

**Source/Authority**: Jury Charge 2.16, 5th Circuit Pattern Instructions for Civil Cases (2014).

## DEFENDANT'S PROPOSED JURY CHARGE NO. 5.

**IMPEACHMENT BY WITNESSES'S INCONSISTENT STATEMENTS**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

[NO OBJECTION – MOVED TO JOINT INSTRUCTION NO. 3]

**Source/Authority:** Jury Charge 2.11, 5th Circuit Pattern Instructions for Civil Cases (2014).

**DEFENDANT'S PROPOSED JURY CHARGE NO. 6.**

**EXPERT WITNESSES**

The rules of evidence ordinarily do not permit witness to testify as to their opinions or conclusions. However, when knowledge of a science, profession or occupation may be helpful to the jury, a person who has special training or experience in that field is permitted to state his or her opinion on those matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**Source/Authority:** Slightly revised Jury Charge 3.5, 5th Circuit Pattern Instructions for Civil Cases (2014).

## <u>PLAINTIFF'S OBJECTION</u>

Plaintiff would agree to the inclusion of Jury Instruction No. 3.5 of the Fifth Circuit Pattern Jury Instructions, which reads:

> When knowledge of technical subject matter may
> be helpful to the jury, a person who has special training
> or experience in that technical field is permitted to state
> his or her opinion on those technical matters. However,
> you are not required to accept that opinion. As with
> any other witness, it is up to you to decide whether to
> rely on it.[1]

However, Plaintiff objects to Defendant's rewording of this instruction, particularly given that Defendant has cited no other authority than the pattern instruction.

**DEFENDANT'S PROPOSED JURY CHARGE NO. 7.**

**NO INFERENCE FROM FILING SUIT**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

[NO OBJECTION – MOVED TO JOINT INSTRUCTION NO. 4]

**Source/Authority**: Jury Charge 3.6, 5th Circuit Pattern Instructions for Civil Cases (2014).

**DEFENDANT'S PROPOSED JURY CHARGE NO. 8.**

**PLAINTIFF'S BELIEFS AND OPINIONS**

Plaintiff's subjective belief that he was discriminated against is irrelevant under the Rules of Evidence. Plaintiff's testimony about why he thinks he was terminated cannot prove or disprove whether the LSU Board actually did discriminate against plaintiff because an employee's subjective belief of discrimination, however genuine, cannot be the basis of judicial relief. You must therefore disregard plaintiff's own beliefs, speculation and opinions about why he was terminated.

**Source/Authority:** *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F. 3d 137, 139-140 (5th Cir. 1996) (holding plaintiff's subjective belief that she was being discriminated against by defendant was insufficient to meet her evidentiary burden under a Title VII discrimination and retaliation claim); *Alcala v. Harvey*, 251 F. App'x 274, 279 (5th Cir. 2007) ("unsubstantiated assertions are not competent summary judgment evidence.... In response to motions for summary judgment, it is ... incumbent upon the non-moving party to present evidence—not just conjecture and speculation—that the defendant retaliated and discriminated against plaintiff on the basis of ... race"); Fed. R. Evid. 701(b) Advisory Committee Note; *Elliott Group Medical & Surgical Serv*. 714 F. 2d 556, 564 (5th Cir. 1983), *cert. denied*, 467 U.S. 1215 (1984) (court "not prepared to hold that a subjective belief of discrimination, however genuine, can be the basis of judicial relief"); *see also*. *EEOC v. Exxon Shipping Co*., 745 F.2d 967, 976 (5th Cir. 1984).

<u>**PLAINTIFF'S OBJECTION**</u>

Plaintiff objects to this instruction on the basis that it misstates the law. *Grimes* and *Alcala* involved review of summary judgment decisions and *Exxon Shipping Co*. involved a bench trial. Thus, none of these cases made any holdings regarding what evidence may or may not be considered by a jury.

Although *Elliot* did hold that "generalized testimony by an employee regarding his subjective belief that his discharge was the result of age discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate, nondiscriminatory reason for his discharge," it did not hold that a jury was required to disregard any category of testimony by a Title VII plaintiff. *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 564 (5th Cir. 1983). Rather, the Fifth Circuit held that "Self-serving and speculative testimony is subject to especially searching scrutiny." *Id*. The court did not hold, as Defendant suggests, that a jury is required to "disregard plaintiff's own beliefs, speculation and opinions about why he was terminated."

Although Plaintiff does not contend that his own subjective belief of discrimination would be a sufficient basis for judgment in his favor, he objects to Defendant's suggestion that the jury must disregard his own testimony and opinions. Defendant has offered no legal basis for this proposition.

## DEFENDANT'S PROPOSED JURY CHARGE NO. 9.

**PLAINTIFF'S RETALIATION CLAIM**

Plaintiff claims that he was retaliated against by the LSU Board for engaging in activity protected by Title VII. Plaintiff claims that he engaged in protected activity by reporting anti-Semitic discrimination to the LSU Board and to the Equal Employment Opportunity Commission ("EEOC") and that the LSU Board retaliated against him by terminating him from residency.

The LSU Board denies plaintiff's claims and contends plaintiff did not engage in protected activity and that he was terminated for legitimate reasons such as poor communication skills, poor professionalism, poor interpersonal skills, a lack of empathy, and for his potential to compromise patient safety.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII.  To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evince that:

1.      Plaintiff engaged in a protected activity;

2.      The LSU Board terminated Plaintiff; and

3.      The LSU Board's decision to terminate Plaintiff was on account of his protected activity.

You need not find that the only reason for the LSU Board's decision was Plaintiff's protected activity.  But you must find that the LSU Boards' decision to terminate Plaintiff would not have occurred in the absence of – but for his protected activity.

If you disbelieve the reason the LSU Board has given for its decision, you may, but are not required to, infer that the LSU Board would not have decided to terminate Plaintiff but for his engaging in the protected activity.

An employee has engaged in activity protected by Title VII if he has either (1) "opposed any practice made an unlawful employment practice," by Title VII, here anti-Semitic discrimination or anti-Semitic harassment, or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" concerning discrimination under Title VII.[1]

**Source/Authority**: Jury Charge 11.5(B), 5th Circuit Pattern Instructions for Civil Cases (2014) and caselaw cited in footnote.

## PLAINTIFF'S OBJECTION

Plaintiff objects to this instruction on the basis that it is incomplete, as it does not define or explain what it means to "oppose any practice . . ." Fifth Circuit Pattern Jury Instruction No. 11.5 describes the good faith, reasonable belief standard for a showing of "protected activity." This language is included in Plaintiff's Instruction No. 5. Further, Defendant's references to the participation clause would confuse the jury, as this is not a participation clause case. Moreover, Plaintiff respectfully submits that Defendant's proposed instruction contains an incomplete explanation of but-for causation, a concept with which the jury will undoubtedly be unfamiliar.

---

[1] 42 U.S.C. § 2000e–3(a); *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996).

## DEFENDANT'S PROPOSED JURY CHARGE NO. 10.

**AT WILL EMPLOYMENT:**

In Louisiana, a person employed for an indefinite period of time is an employee "at will." An "at will" employee is free to quit at any time without liability to his or her employer and may be terminated at any time, provided the termination does not violate any statutory or constitutional provision. Beyond that, the reasons for termination need not be accurate, fair or reasonable. In fact, there need be no reason at all for termination.

**Source/Authority**: *Bell v. Touro Infirmary Inc.*, 2000-0824 (La. App. 4 Cir. 3/21/01); 785 So. 2d 926, 928 (citing *Brannan v. Wyeth Laboratories, Inc.*, 526 So.2d 1101, 1103-04 (La.1988) and collecting additional authorities).

## PLAINTIFF'S OBJECTION

Plaintiff objects to this instruction as it is misleading and will confuse the jury. This case is not brought under Louisiana law, and Louisiana's status as an "at will" employment state is irrelevant to this case. At issue in this case is whether Defendant violated Title VII. Further, Louisiana law does not purport to hold that Louisiana employers may violate federal law. Thus, this instruction would serve no purpose other than to confuse the jury and distract it from the true issues in this case, which arise under federal law.

---

**DEFENDANT'S PROPOSED JURY CHARGE NO. 11.**

---

**PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM**

Plaintiff claims that he was subjected to harassment by the LSU Board and that this harassment was motivated by his adherence to the Jewish faith. To prove a hostile work environment claim, plaintiff must prove all of the following elements by a preponderance of the evidence:

1. Plaintiff claims he was harassed by his supervisors because of his adherence to the Jewish faith and that plaintiff's employer, the LSU Board, is responsible for the harassing conduct;

2. The LSU Board denies plaintiff's claims and contends that its employees and agents in no way subjected plaintiff to harassment on the basis of his adherence to the Jewish faith;

3. It is unlawful for an employer to discriminate against an employee because of the employee's religious beliefs. This includes harassment based on adherence to the Jewish faith;

4. For the LSU Board to be liable for anti-Semitic harassment, the conduct must be sufficiently severe or pervasive to alter the terms or conditions of plaintiff's employment and create a hostile or abusive work environment. To determine whether the conduct in this case rises to a level that alters the terms or conditions of plaintiff's employment, you should consider all the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with plaintiff's work performance. There is no requirement that the conduct be psychologically injurious;

5. Unlawful harassment may include extremely insensitive conduct because of a plaintiff's religious beliefs. Simple teasing, offhand comments, sporadic use of offensive language, occasional Jewish-related jokes, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. Discriminatory intimidation, ridicule, or other verbal or physical conduct done because of plaintiff's adherence to the Jewish faith may be sufficiently extreme to alter the terms and conditions of

employment;

6. In determining whether a hostile work environment existed, you must consider the evidence from both the plaintiff's perspective and from the perspective of a reasonable person. First, plaintiff must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as plaintiff would find the conduct offensive;

7. In determining whether the LSU Board knew or should have known of the harassment, plaintiff must prove that (a) the harassment was known or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not do so, or (b) the harassment was so open and obvious that the LSU Board should have known of it; (c) the LSU Board failed to take prompt remedial action to stop the harassment; and

Prompt remedial action is conduct by the LSU Board that is reasonably calculated to stop the harassment and remedy the situation. Whether the LSU Board's actions were prompt and remedial depends upon the particular facts, and you may look at, among other things, the effectiveness of any actions taken.

## **PLAINTIFF'S OBJECTION**

Plaintiff objects to this instruction on the basis that it is incomplete. As different standards apply depending on whether the alleged harasser was the employee's supervisor or co-worker, the Fifth Circuit Pattern Jury Instructions provide two separate instructions for these claims. Plaintiff has adapted those instructions (Nos. 11.2 and 11.3) into his proposed Instructions Nos. 3 and 4.

**Source/Authority:** Jury Charge 11.5.3, 5th Circuit Pattern Instructions for Civil Cases (2006).

## DEFENDANT'S PROPOSED JURY CHARGE NO. 12.

**PRETEXT**

Plaintiff may show pretext "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'[2] The issue at the pretext stage is whether the LSU Board's reasons for terminating plaintiff, even if incorrect, was the real reason for plaintiff's termination or whether the real reason was his adherence to the Jewish faith or his complaints of anti-Semitism.[3]

**Source/Authority**: Case law cited in footnotes.

## PLAINTIFF'S OBJECTION

Plaintiff objects to these instructions, as the authority cited by Defendant applies to summary judgment standards for Title VII cases. Further, the instruction misstates the law, as it advocates a "pretext-plus" standard (under which a plaintiff must not only show pretext but also that the defendant's proffered reason was pretext for discriminatory or retaliatory intent), which has been rejected by the Supreme Court and the Fifth Circuit. *See Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133 (2000); *Ratliff v. City of Gainesville*, 256 F.3d 355, 362 (5th Cir. 2001).

The Fifth Circuit Pattern Jury Instructions correctly recognize that a jury may ***infer*** causation if it disbelieves a defendant's purported legitimate, nondiscriminatory reason.[4] Plaintiff has included this language in his proposed Instruction No. 5.

---

[2] *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir.2003).
[3] *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir.2002).

[4] See 5th Cir. 2014 Pattern Civil Jury Instruction No. 11.5 (Title VII —Retaliation ).

**DEFENDANT'S PROPOSED JURY CHARGE NO. 13.**

**LEGITIMATE NON-DISCRIMINATORY REASON**

The ultimate burden of persuasion that the LSU Board intentionally discriminated against Plaintiff remains at all times with the plaintiff.  The LSU Board has only the burden of articulating a legitimate non-discriminatory reason for its actions.  The LSU Board does not have to persuade you of this fact by a preponderance of the evidence.

**Source/Authority**: *O'Malley, Grenig & Lee; Federal Jury Practice & Instructions, Civil, Fifth Edition* § 173.66 (2001); *Williams v. General Motors Corp*. 656 F. 2d 120 (5th Cir. 1981).

## <u>PLAINTIFF'S OBJECTION</u>

Plaintiff objects to this instruction as misleading. The *Williams* case cited by Defendant did not involve pretext or an employer's assertion of a legitimate, nondiscriminatory reason.

This instruction would confuse the jury. While Plaintiff, of course, recognizes that the burden is his to demonstrate that Defendant's purported legitimate, nondiscriminatory reason is pretextual, this instruction may lead the jury to believe that Defendant is entitled to a presumption that its purported legitimate, nondiscriminatory reason is true. Plaintiff respectfully submits that the law regarding burden of proof is clearly set forth in Fifth Circuit Pattern Civil Jury Instruction No. 3.2, which Plaintiff has incorporated into his proposed Instruction No. 1.

**DEFENDANT'S PROPOSED JURY CHARGE NO. 14.**

**DEFENSES (BUSINESS JUDGMENT)**

The employment discrimination laws are not intended to be "a vehicle for judicial second guessing of employment decisions."[5] Federal courts do not sit as super personnel departments that re-examine an entity's business decisions in hindsight.[6]

As an employer, the LSU Board is entitled to make its own policy and business judgments and may, therefore, discipline or terminate an employee for reasons that the LSU Board considers policy violations at the time of the termination, as long as the reasons are not discriminatory. Therefore, you should not find that a disciplinary action or termination decision is unlawful just because you may disagree with the LSU Board's stated reason for disciplining or for terminating the plaintiff or because you believe that the decision was harsh or unreasonable, as long as the LSU Board would have reached the same decision regardless of plaintiff's religion and exercise of a protected activity under Title VII. Without proof that anti-Semitism or the exercise of a protected activity was the real reason for termination, harsh or unfair termination decisions are not a violation of Title VII.

**Source/Authority**: *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981) (The fact that a court may think that the employer misjudged the qualifications of the applicants does not, in itself, expose [the employer] to Title VII liability . . . .); *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503 (5th Cir. 1998); *Birris v. Forklift Systems*, 510 U.S. 17, 21 22, 114 S.Ct. 367, 370 71 (1993).

---

[5]   *EEOC v. Louisiana Office of Community Services*, 47 F.3d 1438, 1448 (5th Cir. 1995); *Bryant v. Compass Group USA, Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) (evidence provided by plaintiff that the employer's investigation came to an incorrect conclusion does not establish a racial motivation behind an adverse employment decision because management does not have to make proper decisions, only non-discriminatory ones.).

[6]   *Elrod v. Sears Roebuck and Company*, 939 F.2d 1466, 1470 (11th Cir. 1991).

## <u>PLAINTIFF'S OBJECTION</u>

Plaintiff objects to this instruction on the basis that it ignores the fact that a jury may find for Plaintiff if it finds Defendant's purported legitimate, nondiscriminatory reason to be pretextual.

## DEFENDANT'S PROPOSED JURY CHARGE NO. 15.

**DEFENSES (INCORRECT BUSINESS DECISIONS IS NOT PRETEXT)**

A termination decision that after the fact was incorrect is not, without proof, discriminatory. In other words, proof that the termination decision was based on an incorrect interpretation of the facts does not establish pretext, unless plaintiff can show that the real motive behind the decision was the plaintiff's religion or his engagement in a protected activity. Therefore - assuming that the LSU Board reached the wrong conclusion regarding their assessments of plaintiff's performance as an emergency medicine resident - without any evidence that the conclusion was motivated by anti-Semitism or plaintiff engaging in a protected activity, pretext for religious discrimination cannot be found.[7]

**Source/Authority:** Case law cited in footnotes.

## PLAINTIFF'S OBJECTION

Plaintiff objects to this instruction on the basis that it advocates an impermissible "pretext-plus" standard. See above, Plaintiff's Objection to Defendant's Proposed Jury Charge No. 12; *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133 (2000); *Ratliff v. City of Gainesville*, 256 F.3d 355, 362 (5th Cir. 2001).

---

[7]   *EEOC v. Louisiana Office of Cmty. Serv.*, 47 F.3d 1438, 1448 (5th Cir. 1995); *Bryant v. Compass Group USA, Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) (evidence provided by plaintiff that the employer's investigation came to an incorrect conclusion does not establish a racial motivation behind an adverse employment decision because management does not have to make proper decisions, only non-discriminatory ones.).

**DEFENDANT'S PROPOSED JURY CHARGE NO. 16**

**WITNESSES' GUT-FEELINGS, OPINIONS, OR SPECULATION IS INSUFFICIENT**

You must disregard any testimony or evidence by plaintiff or any witness based upon a subjective belief, gut-feeling, or opinion, as this kind of evidence is not based on a proper foundation of personal knowledge. It is the law that an employee's "subjective belief of discrimination, however genuine, cannot be the basis of judicial relief."[8] Plaintiff must produce evidence, other than his own opinion, that would lead you to reasonably conclude that, more likely than not, he was unlawfully discriminated against because of his adherence to the Jewish faith.

**Source/Authority:** Case law cited in footnotes. *See also Laurence v. Chevron, U.S.A.*, 885 F.2d 280, 285 (5th Cir. 1989); *Sherrod v. Sears Roebuck & Co.*, 785 F.2d 1312, 1316 (5th Cir. 1986); *Elliott v. Group Medical & Surgical Service,* 714 F.2d 556, 567 (5th Cir. 1983), cert. denied, 104 S.Ct. 2658 (1984); *EEOC v. Exxon Shipping Co.*, 745 F.2d 967, 976 (5th Cir. 1984).

## <u>PLAINTIFF'S OBJECTION</u>

Plaintiff objects to this instruction for the same reasons that he objected to Defendant's Proposed Jury Charge No 8 above above. The *Vance* case cited by Defendant involves a summary judgment ruling and therefore did not make any decisions as to what evidence a jury may or may not consider. Further, Defendant's instruction states that Plaintiff must show that "he was unlawfully discriminated against because of his adherence to the Jewish faith" and ignores his retaliation claim.

---

[8]   *Vance v. Union Planters Corp.*, 209 F. 3d 1438, 1448 (5th Cir. 1995).   "[G]eneralized testimony by an employee regarding his subjective belief that his discharge was the result of ... discrimination is insufficient to make an issue for the jury in the face of proof showing adequate, nondiscriminatory reason for discharge." *Elliott Group Medical & Surgical Serv.* 714 F. 2d 556, 564 (5th Cir. 1983), *cert. denied*, 467 U.S. 1215 (1984); *see also Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F. 3d 137, 139-0140 (5th Cir. 1996).

**DEFENDANT'S PROPOSED JURY CHARGE NO. 17.**

**CONSIDER DAMAGES ONLY IF NECESSARY**

If plaintiff has proved his claim against the LSU Board by a preponderance of the evidence, you must determine the damages to which plaintiff is entitled. You should not interpret the fact that I am giving instructions about plaintiff's damages as an indication in any way that I believe that plaintiff should, or should not, win this case.  It is your task to decide whether the LSU Board is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the LSU Board is liable and that plaintiff is entitled to recover money from the LSU Board.

**Source Authority**: Jury Charge 15.1, 5th Circuit Pattern Instructions for Civil Cases (2014).

**<u>PLAINTIFF'S OBJECTION</u>**

Plaintiff objects to this instruction on the basis that it is incomplete. See Fifth Circuit 2014 Pattern Civil Jury Instruction Nos. 10. 12, 11.14; Plaintiff's proposed Instruction Nos. 7, 8.

**DEFENDANT'S PROPOSED JURY CHARGE NO. 18.**

**DAMAGES UNDER TITLE VII**

If you found that The LSU Board violated Title VII, then you must determine whether it has caused plaintiff damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether plaintiff has proved liability.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.[9]

You should consider the following elements of damages, <u>and no others</u>: (1) the amount of back pay and benefits plaintiff would have earned in his employment with the LSU Board if he had not been subjected to a hostile work environment on the basis of his adherence to the Jewish faith or terminated for retaliatory reasons from the date of his termination from residency to the date of your verdict, minus the amount of earnings and benefits that plaintiff received from employment during that time; (2) the amount of other damages sustained by plaintiff such as mental anguish, loss of enjoyment of life, and other noneconomic losses.[10]

---

[9] *Lowe v. Southmark Corp.*, 998 F.2d 335, 337 (5th Cir. 1993).

[10] "**This charge does not include front pay**—future lost wages and benefits—**because they are an equitable remedy for the court to determine**. Section 1981a also provides that while a plaintiff may recover for 'future pecuniary losses,' that does not include 'front' or future lost pay.: Jury Charge 11.14, 5th Circuit Pattern Instructions for Civil Cases (2014) (citing *Pollard v. E.I. duPont de Nemours & Co*., 532 U.S. 843 (2001))(emphasis added).

Back pay includes the amounts the evidence shows plaintiff would have earned had he remained an employee of the LSU Board and went on to successfully complete his residency. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits the LSU Board proves by a preponderance of the evidence plaintiff's received during the period in question.[11]

**Source/Authority**: Jury Charge 11.14, 5th Circuit Pattern Instructions for Civil Cases (2014).

### <u>PLAINTIFF'S OBJECTION</u>

Plaintiff objects to this instruction on the basis that it is incomplete. See Fifth Circuit 2014 Pattern Civil Jury Instruction Nos. 10. 12, 11.14; Plaintiff's proposed Instruction Nos. 7, 8.

---

[11] *Marks v. Prattco*, 633 F.2d 1122, 1125 (5th Cir. 1981).

**DEFENDANT'S PROPOSED JURY CHARGE NO. 19.**

You may not find that the Defendant's reason(s) for discharging Plaintiff is false simply because you disagree with it or would not have been motivated yourselves to terminate the Plaintiff for that reason. The Defendant was entitled to discharge the Plaintiff for any reason, good or bad, so long as that reason was not based on unlawful harassment or retaliation. It is not your function to second guess the decision the Defendant made. Even if you personally disagree with that decision, or think it was mistaken, harsh, or unreasonable, you may not on that basis find that this reason did not truly motivate the Defendant, or that the true reason for the Plaintiff's discharge was his religion or retaliation for complaining about severe and pervasive religious harassment. Moreover, even if you find that the one of Defendant's reasons for discharging Plaintiff was based on mistaken facts, the Defendant's mistaken belief of those facts is not a basis for finding that the Defendant unlawfully harassed or retaliated against Plaintiff.

**Source/Authority**: *Kanida v. Gulf Coast Medical Personnel LP*, 363 F.3d 568, 581 (5th Cir. 2004); *Julian v. City of Houston*, 314 F.3d 721, 727 (5th Cir. 2002); *Walton v. Bisco Industries, Inc.*, 119 F.3d 368, 372 (5th Cir. 1997); *Turner v. Texas Instruments, Inc.*, 555 F.2d 1251 (5th Cir. 1977).

## <u>PLAINTIFF'S OBJECTION</u>

Plaintiff objects to this instruction on the same basis that he objected to Defendant's Proposed Jury Charge Nos. 12 and 15. See above discussion of *Reeves* and the "pretext-plus" standard. In fact, one of the cases cited by Defendant, *Kanida v. Gulf Coast Medical Personnel LP*, expressly held that the plaintiff was "correct that the district court was required to give her

requested permissive pretext instruction" (as opposed to a "pretext-plus" instruction)[12] "and

erred by not doing so." *Kanida*, 363 F.3d at 577. Further, Plaintiff contends that Defendant's

"reasonable belief" defense does not apply to his retaliation claim, in which Plaintiff alleges that

the individual who decided to terminate him (Dr. Salvador Suau) is one of the individuals who

he contends subjected him to harassment because of his religion.

---

[12] An example of a permissive pretext instruction is found in Fifth Circuit 2014 Pattern Jury
Instruction No. 11.5: "If you disbelieve the reason Defendant [name] has given for its decision,
you may, but are not required to, infer that Defendant [name] would not have decided to [specify
adverse employment action] Plaintiff [name] but for [him/her] engaging in the protected
activity." This language is incorporated into Plaintiff's proposed Instruction No. 5.

## DEFENDANT'S PROPOSED JURY CHARGE NO. 20.

Stray remarks are remarks made by people who were not involved in the decision-making process about which the Plaintiff complains. Stray remarks are not evidence of severe or pervasive harassment or retaliation. In order for a comment to serve as evidence of harassment or retaliation, it must be made by a person who is principally responsible for the decision-making process, it must refer to Plaintiff's religion or Plaintiff's complaints about severe or pervasive religious harassment, and it must relate to the employment decision about which Plaintiff complains.

**Source/Authority**: *Laxton v. Gap, Inc.*, 333 F.3d 572, 583 (5th Cir. 2003); *Sanstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002); *Wallace v. Methodist Hospital Sys.*, 271 F.3d 212, 222 (5th Cir. 2001); *Krystek v. University of Southern Mississippi*, 164 F.3d 251, 255 (5th Cir. 1999).

## PLAINTIFF'S OBJECTION

Plaintiff objects to this instruction on the basis that it misstates the law. There is no law that a jury may only consider statements by a plaintiff's supervisor that consistute direct evidence of discrimination or retaliation in deciding this case.

First, *Laxton* and *Sanstad* make no reference to the "stray remarks" doctrine. The *Krystek* case was decided prior to *Reeves v. Sanderson Plumbing, supra.* and is therefore not applicable.

*Wallace* did involve the "stray remarks" doctrine, but held that, post-*Reeves*, the doctrine only applies "where the plaintiff has failed to produce substantial evidence of pretext." *Wallace*, 271 at 222.

Further, Defendant mischaracterizes the doctrine, which holds that "stray remarks" include only those comments that "reflect[] solely the speaker's opinion of the basis for an employment decision and the speaker [has] not exercised influence over that process." *Id.* at 223. It does not hold, as Defendant appears to suggest, that in order for Dr. Greenberg to be successful in this case, he must introduce evidence that Dr. Salvador Suau stated to Plaintiff: "I am terminating you because you are Jewish and engaged in protected activity under Title VII."

Moreover, Plaintiff contends that the "stray remarks" doctrine does not apply to his hostile work environment claim. The doctrine pertains to comments by a non-decisionmaker

about the reasons for the decisionmaker's decision to terminate an employee. Plaintiff's hostile work environment claim does not involve analysis of the reasons for his termination. Thus, the doctrine does not apply.

---

**DEFENDANT'S PROPOSED JURY CHARGE NO. 21.**

---

**MITIGATION OF DAMAGES**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his damages, that is, to avoid, or to minimize those damages. This applies to alleged emotional and medical damages as well as damages in the form of lost wages and benefits. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages.

If you find the LSU Board is liable and Plaintiff has suffered damages as a result of the LSU Board's actions, plaintiff may not recover damages that he could have avoided through reasonable effort. If you find that the LSU Board has proved by a preponderance of the evidence that plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

The LSU Board asserts that plaintiff failed to mitigate his damages. To prevail on this defense, the LSU Board must show, by a preponderance of the evidence that: (a) there was substantially equivalent employment available; (b) plaintiff failed to use reasonable diligence in

seeking available positions; and (c) the amount by which plaintiff's damages were increased by his failure to take such reasonable actions.[13]

If the LSU Board can prove that plaintiff has not made reasonable efforts to obtain work, the LSU Board does not also have to establish the availability of substantially equivalent employment. "Substantially equivalent employment" means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost.  Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff's diligence should be evaluated in light of his individual characteristics and the job market. A plaintiff may not simply abandon his job search and continue to recover back pay.[14]

**Source/Authority:**  Jury Charge 11.18 and 15.5, 5th Circuit Pattern Instructions for Civil Cases (2014) and case law cited in footnotes.

## <u>PLAINTIFF'S OBJECTION</u>

Plaintiff objects to this instruction on the basis that the burden of proof regarding mitigation of damages remains at all times on the defendant. This instruction incorrectly suggests otherwise. Plaintiff would agree to an instruction in the form of Fifth Circuit 2014 Pattern Jury Instruction No. 15.5, which fully and accurately sets forth the law regarding mitigation of damages.

---

[13]   50-O *Stores, Inc. v. Banques Paribas (Suisse), S.A.*, 180 F.3d 247, 258 (5th Cir. 1999); *Floca v. Homcare Health Servs., Inc.*, 845 F.2d 108 (5th Cir. 1988); *Ballard v. El Dorado Tire Co.*, 512 F.2d 901, 906 (5th Cir. 1975).

[14]   See *Hansard v. Pepsi-Cola Metropolitan Bottling Co.*, 865 F.2d 1461, 1468 (5th Cir. 1989).

**DEFENDANT'S PROPOSED JURY CHARGE NO. 22.**

**DAMAGES FOR EMOTIONAL DISTRESS**

Emotional harm may not be presumed simply because you find that plaintiff proved retaliation or a hostile work environment. Emotional harm may manifest itself through sleeplessness, anxiety, stress, depression, humiliation, loss of self-esteem, excessive fatigue, or a nervous breakdown. Physical manifestation of emotional harm may include ulcers, gastrointestinal disorders, hair loss, or headaches. Plaintiff's claim for emotional distress must be supported by competent evidence. Specific individualized proof is necessary, and testimony from the plaintiff alone may not be sufficient. Damages for emotional harm may be awarded only if the plaintiff submits proof of actual injury, generally in a form such as psychological or medical evidence, or other corroborating testimony from a third-party and has provided evidence that the injury caused was by the alleged conduct of the defendant.

**Source/Authority:** *Patterson v. PHP Healthcare Corp.*, 90 F.3d 927, 939-941 (5th Cir. 1996), *cert. denied*, 519 U.S. 1091, 117 S.Ct. 767 (1997); *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 417 (5th Cir. 1998); *Brady v. FWA Bend County*, 145 F.3d 691, 718 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 873 (1999).

## <u>PLAINTIFF'S OBJECTION</u>

Plaintiff objects to this instruction on the basis that it is incomplete and misstates the law. This instruction suggests that a plaintiff must introduce evidence other than his own testimony in order to prove such damages, which is inaccurate. See *Brady v. Fort Bend Cnty.*, 145 F.3d 691, 718 (5th Cir. 1998).

## DEFENDANT'S PROPOSED JURY CHARGE NO. 23.

**NOMINAL DAMAGES:**

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his rights has occurred but the plaintiff has suffered no actual loss or injury. If you find from a preponderance of the evidence that plaintiff sustained a technical violation of Title VII  but that plaintiff suffered no actual loss as a result of this violation, then you may award plaintiff nominal damages. Nominal damages may be as little as one dollar.[15]

[NO OBJECTION – MOVED TO JOINT INSTRUCTION NO. 7]

**Source/Authority**:  Jury Charge 15.6, 5th Circuit Pattern Instructions for Civil Cases (2014).

---

[15] *See Carey v. Piphus*, 435 U.S. 247, 267 (1978).

**DEFENDANT'S PROPOSED JURY CHARGE NO. 24.**

**ATTORNEYS' FEES AND COURT COSTS (ADVISORY ONLY)**

Title VII authorizes the court to award attorney's fees to "the prevailing party." 42 U.S.C. § 2000e-5(k). An attorney's fee award is an issue for the court, not the jury.

**PLAINTIFF'S OBJECTION**

Plaintiff objects to this instruction on the basis that it is irrelevant. Plaintiff does not intend to submit a claim for attorneys' fees to the jury.

**Source/Authority**:   Committee Notes 11.14, 5th Circuit Pattern Instructions for Civil Cases (2014).

---

**DEFENDANT'S PROPOSED JURY CHARGE NO. 25.**

---

**PUNITIVE DAMAGES**

If you find that the LSU Board is liable for plaintiff's injuries, you must award plaintiff the compensatory damages that he has proved. You may, in addition, award punitive damages if you find that the LSU Board acted with malice or reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights to safety of another. Plaintiff has the burden of proving that punitive damages should be awarded.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the LSU Board's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1. The reprehensibility of the LSU Board's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether the LSU Board's conduct was motivated by a desire to augment profit;

2.   The ratio between the punitive damages you are considering and the amount of harm that was suffered by the victim or with which the victim was threatened; and

3.   The possible criminal and civil sanctions for comparable conduct.

You may consider the financial resources of the LSU Board in fixing the amount of punitive damages.

## PLAINTIFF'S OBJECTION

Plaintiff objects to this instruction because it is incomplete. Fifth Circuit 2014 Pattern Jury Instruction No. 11.14 fully explains punitive damages. Plaintiff has adapted that instruction into his proposed Instruction No. 8.

**Source/Authority**:  Jury Charge 15.6, 5th Circuit Pattern Instructions for Civil Cases (2014).

**DEFENDANT'S PROPOSED JURY CHARGE NO. 26.**

**ATTORNEY STATEMENTS REGARDING DAMAGES**

Statements of any attorney in this case as to his or her estimate of dollar amounts to be awarded are not evidence and are to be disregarded by you, unless supported by the evidence. The determination of damages is solely your function, and must be based on competent evidence.

**<u>PLAINTIFF'S OBJECTION</u>**

Plaintiff objects to this charge on the basis that it is duplicative and incomplete. The parties' Joint Proposed Instruction No. 1 states that "[t]he statements of counsel are not evidence; they are only arguments." This rule does not apply only to statements regarding damages but to all statements by counsel.

**DEFENDANT'S PROPOSED JURY CHARGE NO. 27.**

**COMPENSATORY DAMAGES**

You may award compensatory damages only for injuries stemming from severe or pervasive religious harassment or from retaliation that the Plaintiff proves were proximately caused by the Defendant's allegedly wrongful conduct under Title VII. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

**Source/Authority**: U.S. Court of Appeals, Fifth Judicial Circuit, *Pattern Jury Instructions,* § 5.2 (1999).

## <u>PLAINTIFF'S OBJECTION</u>

Plaintiff objects to this charge on the basis that it suggests that a degree of "severity" is required in order for Plaintiff to prove damages. Further, it is apparently based on the Fifth Circuit's pattern instructions from 1999. Plaintiff respectfully submits that the jury instructions should be based on current law. Fifth Circuit 2014 Pattern Civil Jury Instruction No. 11.14 and Plaintiff's proposed Instruction No. 7 fully and accurately set forth the law regarding compensatory damages.

**DEFENDANT'S PROPOSED JURY CHARGE NO. 28.**

---

**NO DOUBLE RECOVERY**

The prohibition on double recovery means that a Plaintiff cannot recover additional damages for back pay, for front pay, or compensatory damages for both retaliation and severe or pervasive religious harassment arising from the same factual basis.

**Source/Authority**: Jury Charge 11.14, 5th Circuit Pattern Instructions for Civil Cases (2014). *See, EEOC v. Waffle House, Inc.,* 534 U.S. 279, 297 (2002).

<u>PLAINTIFF'S OBJECTION</u>

Plaintiff objects to this charge on the basis that it would be confusing to the jury. This language does not come from the actual jury charge in Fifth Circuit 2014 Pattern Jury Instruction No. 11.14, but from the committee notes. Plaintiff proposes the following instruction:

> "The prohibition on double recovery means that a plaintiff cannot recover damages for the same injury more than once under different theories of law. For instance, if you award Plaintiff back pay for his retaliation claim, you may not also award him the same amount of back pay for his hostile work environment claim."