UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERIC GREENBERG, M.D. | * | CIVIL NO. 19-137 |
| | * | |
| | * | |
| | * | JUDGE: LMA |
| VERSUS | * | |
| | * | MAGISTRATE: JCW, JR |
| BOARD OF SUPERVISORS | * | |
| OF LOUISIANA STATE UNIVERSITY | * | SECTION "I"(2) |
| AND AGRICULTURAL AND | * | |
| MECHANICAL COLLEGE | * | |
| | * | |

* * *******************************************

## JOINT JURY CHARGE:
## MITIGATION OF DAMAGES

Pursuant to the Order (Rec. Doc. 131) issued by the Honorable Judge Lance M. Africk, United States District Judge, on Tuesday, December 10 2019, the parties submit the following joint jury charge regarding the mitigation of damages in this matter.

ate: December 23, 2019               Respectfully Submitted,

                                     /s/ J. Arthur Smith, III
                                     J. Arthur Smith, III (#7730)
                                     Robert Moseley Schmidt (#37934)
                                     SMITH LAW FIRM
                                     830 North Street
                                     Baton Rouge, LA 70802
                                     Telephone: (225) 383-7716
                                     Facsimile: (225) (383-7773
                                     jasmith@jarthursmith.com
                                     rschmidt@jarthursmith.com


                                     /s/ Todd F. Flood
                                     Todd F. Flood (P58555)
                                     *Pro hac vice*
                                     FLOOD LAW, PLLC
                                     401 North Main Street
                                     Royal Oak, MI 48067
                                     Telephone: (248) 547-1032

        Facsimile: (248) 547.0140
        tflood@floodlaw.com

*Counsel for Plaintiff, Eric J. Greenberg, M.D.*

/s/ Julianne T. Echols
Keith McDaniel (No. 17992)
Julianne T. Echols (No. 22044)
McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch
909 Poydras Street, Suite 1000
New Orleans, LA 70112
PH: (504) 831-0946

*Counsel for Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December, 2019, a copy of the foregoing was filed electronically with the Clerk of Court for the Eastern District of Louisiana using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

        /s/ Julianne T. Echols

**PROPOSED JURY CHARGE: MITIGATION OF DAMAGES**

**MITIGATION OF DAMAGES**

Defendant LSU Board claims that Plaintiff Eric Greenberg, M.D., failed to mitigate his damages. Plaintiff has a duty under the law to mitigate his damages, that is, to exercise reasonable diligence under the circumstances to minimize his damages.

To succeed on this defense, The LSU Board must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by his failure to take such reasonable actions.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff's diligence should be evaluated in light of his individual characteristics and the job market.

Here, the LSU Board must show that Eric Greenberg failed to find a job that was substantially similar to the emergency medicine residency position from which he was terminated. The LSU Board must show that this substantially equivalent employment was available to him. If the LSU Board persuades you, by a preponderance of the evidence, that Eric Greenberg failed to obtain a substantially equivalent job that was reasonably available to him, then you should reduce the amount of Eric Greenberg's damages by the amount that could have been realized if Eric Greenberg had taken advantage of opportunities for such employment.

**Source/Authority:**  Adapted from Jury Charge 11.14, 5th Circuit Pattern Instructions for Civil Cases (2014).